IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ANDREA BLANCHARD | § § | CIVIL ACTION NO. _____ |
| VS. | § § | Judge _____ |
| 6420, INC. D/B/A FAST EDDIE'S | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1.   Plaintiff, Andrea Blanchard, is an individual that is a citizen of the State of Texas.

2.   Defendant, 6420, Inc. d/b/a Fast Eddie's, is a domestic corporation and may be served with process by serving its registered agent: Philip Robert Brinson, 1233 West Loop South, Suite 1000, Houston, Texas 77027.

### B. Jurisdiction

3.   The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on race pursuant to 42 U.S.C. § 2000e.

### C. Venue

4.   Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant at its location in Beaumont, Texas, which is within this district. The unlawful employment practices occurred at that location.

### D. Exhaustion of Administrative Remedies

5.   Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days

after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. Unlawful Employment Practices Under Title VII

6. Plaintiff is an American Indian female employee protected under Title VII, 42 U.S.C. §2000e(f). Plaintiff had an African American spouse and has children that are part African American. Plaintiff's association with people of another race is protected under Title VII, 42 U.S.C. §2000e-2.

7. Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).

### Racial Discrimination And Retaliation Under Title VII

8. Defendant intentionally discriminated against plaintiff because of her race in violation of Title VII, U.S.C. §2000e-2 by racially harassing, denying employment opportunities, treating plaintiff differently than employees of other races, and in ultimately terminating plaintiff based on her race.

9. Plaintiff complained to defendant of the unlawful discrimination. Plaintiff's opposition to the practice was a protected activity under Title VII, 42 U.S.C. §2000e-3(a).

10. Plaintiff began working for defendant as a bartender at its Beaumont location on or around May of 2008. She had worked her way up to the position of General Manger at that location.

11. Plaintiff was married to an African American man. She has a daughter that is half African American. As a reward for having the highest sales for defendant, plaintiff won a vacation with other managers and defendant's owners. Plaintiff brought her African American husband along. During the vacation, the owners provided an award to her husband for the best suntan.

12. On or around April of 2013, defendant's Director of Operations, Darren Pickering, advised plaintiff she was "too black" for Beaumont. He would make comments to plaintiff that the bar was "too dark," and that she should not date black men. Plaintiff complained to the owner, Mark Lewis, and complained about Pickering's racial slurs about patrons and his harassment to her because she was married to a black man.

13. While at work, Pickering continued to make racial slurs about plaintiff and customers. Plaintiff made additional complaints to the owners and Regional Manager. After her complaints, defendant terminated plaintiff on or around July 11, 2013.

14. Defendant unlawfully discriminated against plaintiff because of her race and her association with people of the African American race. Plaintiff complained to defendant of the unlawful discrimination. Defendant retaliated against plaintiff because she opposed a practice made unlawful by Title VII. The defendant subjected plaintiff to adverse employment actions by harassing, denying employment opportunities, disciplining her differently than employees of other races, and ultimately in terminating her employment. A causal link exists between the protected activities and the defendant's actions. Any other reasons by defendant for the adverse employment actions are merely pretexts.

### F. Racial Discrimination Under 42 U.S.C.§ 1981

15. Plaintiff is a member of a protected class, the American Indian race. Plaintiff had an African American spouse, and has children that are part African American. Plaintiff's association with people of another race is protected under 42 U.S.C.§ 1981.

16. At all times relevant, plaintiff was in a contractual relationship with defendant within the meaning of 42 U.S.C. § 1981. An employee subject to at-will termination under Texas law nevertheless has an implied "contract" with her employer that unlawful racial

discrimination will not be allowed that meets the § 1981 requirements to maintain an action against an employer for its breach. *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

17. During the course of plaintiff's employment, defendant violated plaintiff's rights by depriving plaintiff of her right to the enjoyment of all benefits, privileges, terms and conditions of plaintiff's employment contract "as is enjoyed by white citizens," in violation of 42 U.S.C.§ 1981(b).

18. During the course of plaintiff's employment with defendant, plaintiff did not enjoy the same benefits, privileges, terms and conditions of employment as did white employees.

19. Defendant's treatment, practices and policies directed toward plaintiff, as more fully described in this complaint, denied plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property "as is enjoyed by white citizens," in violation of 42 U.S.C. § 1981.

20. Defendant's treatment, practices and policies directed toward plaintiff, as more fully described in this complaint, denied plaintiff the right to make and enforce contracts "as enjoyed by white citizens," in violation of 42 U.S.C. § 1981.

21. Through its actions and treatment of plaintiff, defendant intended to discriminate against plaintiff on the basis of her race and association with people of the African American race.

## G. Damages

22. As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling her to the following remedies:

4

a.  Back pay, including that amount of wages and employment benefits plaintiff would have earned if she had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits she received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

b.  Reinstatement;

c.  Front pay, if reinstatement is inappropriate.

d.  Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

e.  Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## H.  Attorney Fees

23. Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

## I.  Additional Damages

24. In addition to the previously alleged damages (which plaintiff alternatively seeks under this cause of action) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and with a purpose to injure plaintiff.

## J.  Jury Demand

25. Plaintiff requests a trial by jury.

## K.  Prayer

26. For these reasons, plaintiff asks for judgment against defendant for the following:

a.  Reinstatement to her prior job and position;

b.  Back pay and front pay, including all employment benefits;

c.  Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d.  Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e.  Exemplary damages;

f.  Attorney fees and courts costs; and

g.  All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF